UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:09-CR-0026-R

THE UNITED STATES OF AMERICA                                    PLAINTIFF

v.

JUSTIN K. DICKEN                                                DEFENDANT

## MEMORANDUM OPINION & ORDER

This matter comes before the Court upon Defendant's Motion for a Bill of Particulars (DN 440). The Government has replied (DN 472). The matter is now ripe for adjudication. For the reasons that follow, Defendant's Motion is DENIED.

## BACKGROUND & ANALYSIS

Defendant Justin K. Dicken is alleged to have participated in a conspiracy to possess and distribute fifty grams or more of crack cocaine, a violation of 21 U.S.C. §§ 841(b)(1)(A), 846. The Government named Dicken as one of thirty defendants in a forty-three count indictment. Dicken is one of ten defendants who has been named in only one count of the indictment. The first count of the Third Superseding Indictment reads:

> On or about and between July 2007 and May 22, 2009, in the Western District of Kentucky, Adair County, Kentucky and elsewhere, the defendants, . . . Justin K. Dicken, . . . and others known and unknown to the Grand Jury, conspired to knowingly and intentionally possess with the intent to distribute and to distribute fifty grams or more of a mixture or substance containing cocaine base, commonly known as crack . . . .

DN 311-2 at 2. Dicken now moves this Court to direct the Government to produce a Bill of Particulars, claiming that there is insufficient information in the indictment and the documents already disclosed by the Government for him to raise an adequate defense. In particular, Dicken requests specificity as to the "dates, times, locations, means, and manner in which the United

States alleges [Dicken] to have taken" part in the conspiracy. DN 440 at 3. Dicken also petitions for the names, addresses, and contact numbers of any unnamed conspirators known to the Government.

Rule 7(f) allows a defendant to move for a bill of particulars. FED. R. CRIM. P. 7(f). Courts grant bills of particulars when it is "necessary to inform the accused of the charge against him with sufficient precision to enable him to prepare his defense [or] to avoid or minimize the danger of surprise at trial." JUDGE JAMES CISSELL, FEDERAL CRIMINAL TRIALS § 7-2 (7th ed. 2008); *see United States v. Birmley*, 529 F.2d 103, 108 (6th Cir.1976); *United States v. Haskins*, 345 F.2d 111, 114 (6th Cir. 1965). A bill of particulars is not a tool by which the defendant can learn the government's evidence and theories of the case. *United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008); *see United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985). A bill of particulars is also inappropriate if the purpose behind the bill is to extract from the government a list of its witnesses or the overt acts that may be proven at trial. *United States v. Largent*, 545 F.2d 1039, 1043 (6th Cir. 1976). Moreover, the government is not required "to furnish the names of all other co-conspirators" to the defendant. *Musick*, 291 F. App'x at 724; *see United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004).

In denying this Motion for a Bill of Particulars, this Court believes that the indictment and disclosure by the Government have provided sufficient information for Dicken to prepare his defense. The accusations in the indictment are clearly described, "contain[ing] the elements of the offense charged and fairly informs [Dicken] of the charge against which he must defend." *United States v. Mohney*, 949 F.2d 899, 903 (6th Cir. 1991) (describing the requirements of a sufficient indictment). Additionally, the indictment has laid out the names of the other indicted

2

co-conspirators and the Government has disclosed over 700 pages of information in discovery. Nevertheless, Dicken still requests specific evidence regarding the dates, times, and relevant locations surrounding the conspiracy. Given the specificity of the indictment, the amount of pretrial disclosure by the Government, and the applicable case law, it is clear Dicken's motion for this information is without basis. *See United States v. Vassar*, 346 F. App'x 17, 22 (6th Cir. 2009) (open-ended beginning dates on an indictment but not end dates are sufficient so as bill of particulars unnecessary); *United States v. Robinson*, 390 F.3d 853, 867 (6th Cir. 2004) (denial of bill of particulars appropriate where superseding indictments charged defendant with conspiracy and alleged that conspiracy began "on or about April 1999" and ended in August of 2000); *United States v. Bavers*, 787 F.2d 1022, 1028 (6th Cir. 1985) (denial of bill of particulars appropriate where indictment included names, times, locations of transactions related to illegal conspiracy); *see also United States v. McClure*, 734 F.2d 484, 493 (10th Cir. 1984) (although the indictment did not include the exact place, time of day, or quantity of cocaine involved, bill of particulars was not warranted). Additionally, Dicken requests the names and contact information of any unnamed conspirators of which the Government is aware. As previously stated, the Government is under no obligation to disclose these items. *Crayton*, 357 F.3d at 568.

Finally, in *United States v. Vassar*, the Sixth Circuit Court of Appeals upheld a district court's denial of a bill of particulars for a defendant indicted for violating the same statute under which Dicken is charged. *Vassar*, 346 F. App'x at 19 (defendant charged with violating 21 U.S.C. §§ 841(a)(1), 841(b)(1)(a), 846). The language of the indictment objected to in *Vassar*

and the one that Dicken questions today are nearly identical.[1]  Considering the distinct similarities between *Vassar* and the present case, as well as the aforementioned precedent, this Court concludes that Dicken is not entitled to a Bill of Particulars from the Government.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Dicken's Motion for a Bill of Particulars is DENIED.

---

[1] The indictment in *Vassar* alleged:

> From on or before January 1, 2004, until or on or about August 24, 2005, within the Eastern District of Tennessee, the defendants . . . , and others known and unknown to the grand jury, did conspire, confederate and agree with each other an others both known and unknown to distribute and to possess with intent to distribute [cocaine].

*Vassar*, 346 F. App'x at 19.  The district court in that case did grant a bill of particulars regarding the language "on or before January 1, 2004." *Id.* at 21-22.  However, such imprecise language regarding the date of the conspiracy does not exist in Dicken's indictment.